**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**SICAP INDUSTRIES, LLC,** a New York
Limited Liability Company**,**

    **Plaintiff,**      1:06-CV-0696
               (GLS\RFT)
    **v.**

**PAUL CARPENTER; ROBERT HAINES,**
**JR.; SINOL USA, INC.; and AMERICAM**
**INC.,**

    **Defendants.**
_____

**ROBERT HAINES,**

    **Counter-Claimant,**

    **v.**

**SICAP INDUSTRIES, LLC,** a Delaware
Limited Liability Company**; PP&S**
**VENTURES, LLC,** a New York Limited
Liability Company**; WAYNE PERRY;**
**JOYCE PERRY; and ROBERT SASSO,**

    **Counter-Defendants.**
_____

**APPEARANCES:**      **OF COUNSEL:**

**FOR THE PLAINTIFF:**

COOPER, ERVING LAW FIRM   AMANDA ANNE AVERY, ESQ.

39 North Pearl Street
4th Floor
Albany, New York 12207

**FOR THE DEFENDANTS:**

**For Paul Carpenter, Sinol USA,**
**Inc., and AmeriCam Inc.**
LEMERY, GREISLER LAW FIRM   ROBERT A. LIPPMAN, ESQ.
Saratoga Springs Office
10 Railroad Place
Saratoga Springs, New York 12866

**FOR THE DEFENDANT/**
**COUNTER-CLAIMANT:**

**For Robert P. Haines**
ROHAN, ROSENSTEIN LAW FIRM      PETER L. BURGESS, ESQ.
10 Airline Drive
Albany, New York 12207

**FOR THE COUNTER-DEFENDANTS:**

**For Wayne Perry, Joyce Perry, and**
**Robert Sasso**
AMIN, HALLIHAN LAW FIRM AMIR      ISMAEL MOHABBAT, ESQ.
217 North Jefferson Street
Suite 100
Chicago, Illinois 60661

**For SiCap Industries, LLC,**
**a Delaware Limited Liability Company**
**and PP&S Ventures, LLC**
GANZ, WOLKENBREIT LAW FIRM      ROBERT E. GRANZ, ESQ.
1 Columbia Circle
Albany, New York 12203

2

**Gary L. Sharpe**
**U.S. District Judge**
## MEMORANDUM-DECISION AND ORDER

## I. Introduction

SiCap Industries, a New York Limited Liability Company, alleges that defendants engaged in various acts of unfair competition and business torts relating to the marketing of their competing nasal spray product.[1] *See Dkt. No. 27*. Defendant Haines asserts various claims against other parties referred to herein as counter-defendants. *See Dkt. No. 43*. His claims challenge various issues relating to the internal ownership and control of SiCap Industries, a Delaware Limited Liability Company.[2] Pending under Federal Rule of Civil Procedure 12(b)(1) is counter-defendants' motion to dismiss. *See Dkt. No. 49*. For the reasons that follow, counter-defendants'

---

[1]Plaintiff SiCap Industries asserts the following causes of action: (1) breach of non-disclosure agreement by Paul Carpenter; (2) breach of non-disclosure agreement by Robert P. Haines; (3) false advertising by Paul Carpenter, Robert P. Haines, and Sinol USA in violation of § 43 of the Lanham Act, 15 U.S.C. § 1125(a); (4) false comparative advertising by Paul Carpenter, Robert P. Haines, and Sinol USA in violation of § 43 of the Lanham Act, 15 U.S.C. § 1125(a); (5) trade secret infringement by Paul Carpenter and Robert P. Haines; (6) trade secret infringement by Sinol USA and AmeriCam; (7) false marking by Paul Carpenter, Robert P. Haines, and Sinol USA in violation of 35 U.S.C. § 292; (8) unjust enrichment by Paul Carpenter and Robert P. Haines; (9) defamation by Paul Carpenter, Robert P. Haines, and Sinol USA; and (10) breach of implied covenant of good faith and fair dealing by Paul Carpenter and Robert P. Haines. *See Dkt. No. 27*.

[2]For clarification, the court will refer herein to plaintiff SiCap Industries, a New York Limited Liability Company, as "New York SiCap" and counter-defendant SiCap Industries, a Delaware Limited Liability Company, as "Delaware SiCap."

3

motion is granted.

## II. <u>Facts</u>[3]

### A.   <u>New York SiCap's Complaint</u>

#### 1.   The Parties

New York SiCap Industries, LLC, successor (by merger) to Delaware

SiCap Industries, LLC, manufactures SINUSBUSTER, an all natural nasal

spray.  *See Am. Compl. ¶4; Dkt. No. 27.*  Defendant, Paul Carpenter, is the

owner and president of Sinol USA, Inc., and Robert Haines is a part

owner/agent of Sinol USA.  *See id.* at *¶¶5, 6.*  Sinol USA manufactures

Sinol Headache Nasal Spray, and AmeriCam, Inc. assists Sinol in the

manufacturing of the spray.  *See id.* at *¶¶7, 8.*

#### 2.   The Allegations

In September 2003, SiCap began manufacturing and selling

SINUSBUSTER, an innovative and first-of-its-kind decongestant utilizing

capsaicin, a natural extract from hot pepper plants.  *See id.* at *¶9.*  Wayne

Perry, SiCap's President, created SINUSBUSTER*.  See id.*  Initially, SiCap

sold SINUSBUSTER on www.ebay.com*.  See Am. Compl. ¶10; Dkt. No.

---

[3]The following facts are drawn from both the plaintiff's amended complaint, *see Dkt. No. 27,* and from counter-claimant Haines' answer with counterclaims.  *See Dkt. No. 43.*  While the facts supporting plaintiff's claims are only distantly related to Haines' allegations, the court considered both parties' factual allegations in deciding the pending motion.

*27.* Eventually, SiCap began licensing SINUSBUSTER to retailers and marketing in the over-the-counter industry. *See id.* To develop a marketplace, SiCap advertised and marketed a unique business plan. *See id.* at ¶*11.* On January 27, 2004, SiCap registered "THE SINUSBUSTER" trademark with the United States Patent and Trademark Office. *See id.* at ¶*12.* On March 22, 2005, SiCap received its trademark registration. *See Am. Compl. ¶12; Dkt. No. 27.*

In January 2004, Robert Haines, a former friend of SiCap Industries' President, Wayne Perry, became employed at SiCap and signed an Employee Non-Disclosure agreement. *See id.* at ¶*14.* Haines was given access to SiCap's confidential proprietary and trade secret information. *See id.* at ¶*15.* Subsequently, Haines disclosed the secret information to third parties in violation of the non-disclosure agreement. *See id.* at ¶*16.*

In Fall 2004, Haines introduced SiCap to his long-term friend, Paul Carpenter. *See Am. Compl. ¶17; Dkt. No. 27.* Upon Haines' insistence that Carpenter help out with the advertising and marketing of SINUSBUSTER, SiCap agreed to let Carpenter evaluate SiCap's marketing and retail outlet expansion plans. *See id.* at ¶*19.* On September 30, 2004, Carpenter signed a Non-Disclosure agreement. *See id.* at ¶*20.*

5

Subsequently, Carpenter was given access to SiCap's confidential proprietary and trade secret information. *See id.* at ¶*27.*

In September, Carpenter and Haines together sought to reach a distribution agreement for SINUSBUSTER with Price Chopper without SiCap's consent. *See Am. Compl. ¶28; Dkt. No. 27.* They provided Price Chopper false and inaccurate pricing and packaging information, resulting in a strained relationship between Price Chopper and SiCap. *See id.* at ¶*29.* At that point, SiCap ordered Carpenter to refrain from contacting third-party retailers without its express permission and authorization. *See id.* In December, SiCap eventually terminated Haines' employment. *See id.* at ¶*30.*

In January 2005, Carpenter, notwithstanding SiCap's previous warning, claimed to have reached a distribution agreement with Happy Harry's retail store. *See Am. Compl. ¶31; Dkt. No. 27.* The alleged agreement required SiCap to ship 480 units of SINUSBUSTER to Happy Harry's, and SiCap entrusted the 480 units to Carpenter. *See id.* Shortly thereafter, Carpenter's employment at SiCap was terminated. *See id.* at ¶*35.* However, he never shipped the 480 units of SINUSBUSTER to Happy Harry's. *See id.* at ¶*36.* When asked to return the units to SiCap,

6

Carpenter refused.  *See Am. Compl. ¶36; Dkt. No. 27.*  Instead, Carpenter posted several of the units of SINUSBUSTER for sale on www.ebay.com and also on the website www.sicapusa.com.  *See id.* at *¶37.*  Upon SiCap's demands, Carpenter stopped selling SINUSBUSTER on Ebay for a one-year period.  *See id.* at *¶38.*  However, in March 2006, SiCap discovered that Carpenter was again selling units of SINUSBUSTER on Ebay.  *See id.*  When SiCap again asked him to stop, Carpenter demanded $1,000.00.  *See id.* at *¶40.*

Meanwhile, Carpenter and Haines began manufacturing, advertising, and selling Sinol Headache Nasal Spray, utilizing the same formulation used in SINUSBUSTER.  *See Am. Compl. ¶41; Dkt. No. 27.*  They began selling Sinol on Ebay and on www.sinolusa.com.  *See id.*  With every shipment of SINUSBUSTER Carpenter sold online, he included a free sample of Sinol.  *See id.* at *¶43.*  Sinol nasal decongestant products are sold by Sinol USA, which shares the manufacturing facilities and staff with AmeriCam.  *See id.* at *¶44.*  Carpenter and Haines are presidents, owners, and founders of both Sinol USA and AmeriCam.  *See id.*

On March 27, 2006, defendants used SiCap's PR Web password to access SiCap's PR Web account.  *See id.* at *¶47.*  In doing so, defendants

7

learned that SiCap was about to publish an article promoting

SINUSBUSTER.  *See id.*  Using this newly-discovered information,

defendants published a competing article promoting Sinol's products.  *See id.*

Defendants falsely represented their product as an "all natural" spray.

*See Am. Compl. ¶48; Dkt. No. 27.*  A laboratory test of Sinol indicated that

it contains large amounts of unnatural ingredients, such as Propylene

Glycol and Acetone.  *See id.* at *¶49.*  Moreover, defendants improperly

claim that Sinol is patented and FDA approved and that they first thought of

the idea for their nasal decongestant from Carpenter's grandfather.  *See id.*

at *¶¶50-56.*

## B.   Haines' Counterclaims

Delaware SiCap was formed in December, 2003.  *See Haines Ans.*

*¶23; Dkt. No. 43.*  PP&S Ventures, LLC, a New York Limited Liability

company, was formed in November, 2006.  *See id.* at *¶24.*  Ownership of

Delaware SiCap is documented by six certificates, all of which are dated

March 16, 2004.  *See id.* at *¶28.*  Pursuant to the certificates, 76 units of

Delaware SiCap were issued and held by six members, including Wayne

Perry, Joyce Perry (Wayne's mother), and Robert Sasso.[4]  *See id.* at ¶¶*29-30.*

From March 2004 to January 2005, Robert P. Haines was an employee of Delaware SiCap.  *See Haines Ans. ¶32; Dkt. No. 43*.  In March 2005, Haines was fraudulently compelled by Wayne Perry to sign a document which purportedly redistributed the units of Delaware SiCap to reduce both Robert P. Haines' ownership interest from 10 units to 1.25 units and Robert L. Haines' ownership interest from 5 units to 4 units.  *See id.* at ¶*33*.  This document purportedly redistributed the membership units owned by Robert P. Haines to Wayne Perry, Joyce Perry, and/or Robert Sasso.  *See id.* at ¶*34.*  At no time did Haines execute his certificate of ownership to effect a redistribution of his units in Delaware SiCap.  *See Haines Ans. ¶35; Dkt. No. 43*.  The purported redistribution was made without consideration of Haines and without compliance with the required corporate formalities.  *See id.* at ¶¶*36-38.*

### III. <u>Discussion</u>

---

[4]The certificates establish that the ownership of Delaware SiCap is vested in the following six members: (1) Wayne Perry with 30 units and 39.47%, (2) Joyce Perry with 25 units and 32.89%, (3) Robert P. Haines with 10 units and 13.18%, (4) Robert Sasso with 5 units and 6.58%, (5) Robert L. Haines with 5 units and 6.58%, and (6) William Buchanan with 1 unit and 1.32%.  *See Haines Ans.¶30; Dkt. No. 43.*

**A.     Standard of Review - Motion to Dismiss for Lack of Subject Matter Jurisdiction**

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of the complaint where the court lacks subject matter jurisdiction.  *See* FED. R. CIV. P. 12(b)(1).  "The burden of proving jurisdiction is on the party asserting it."  *Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996) (internal quotation marks and citation omitted).  In reviewing such a motion, "the court must accept as true all material factual allegations in the complaint, but [it will] not draw inferences from the complaint favorable to plaintiffs." *J.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004).  Moreover, on a Rule 12(b)(1) motion, the court "may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue, but...may not rely on conclusory or hearsay statements contained in the affidavits."  *J.S.*, 386 F.3d at 110.

**B.     Counter-Defendants' Motion**

Counter-defendants maintain that Haines' counterclaims are impermissible for the following four reasons: (1) they are unrelated to the legal or factual issues posed in plaintiff New York SiCap's complaint and are therefore permissive; (2) they are not asserted against an "opposing

party" to the underlying action; (3) they destroy diversity jurisdiction; and (4) they fail to join all necessary parties.  Based on the above, counter-defendants argue that Haines' counterclaims should be dismissed.

As an initial matter, the parties dispute whether Haines' counterclaims are compulsory or permissive.  This distinction is critical to the court's analysis because permissive counterclaims require an independent basis for jurisdiction, while compulsory counterclaims do not. *See* FED. R. CIV. P. 14.

"Because it is closely related to the subject matter of the main action, a compulsory counterclaim under Rule 13(a)...is within the court's ancillary jurisdiction and an independent basis for federal jurisdiction is therefore unnecessary." *Hercules, Inc. v. Dynamic Export Corp.*, 71 F.R.D. 101, 107 (S.D.N.Y. 1976).  However, permissive counterclaims "must be maintainable in a federal district court on some jurisdictional basis that would have sufficed had it been brought in a separate action." *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 210 (2d Cir. 2004).  "[T]hird parties may not be added for adjudication of permissive counterclaims if their presence would destroy diversity." *Hercules*, 71 F.R.D. at 108.

**1.    Compulsory vs. Permissive**

11

Federal Rule of Civil Procedure 13 governs counterclaims.  Part (a) of the rule governs compulsory counterclaims and provides in relevant part:

> A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

FED. R. CIV. P. 13(a).  Part (b) defines a permissive counterclaim as "[a]ny claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim."  FED. R. CIV. P. 13(b).  As stated, whether a counterclaim is compulsory or permissive turns on whether the counterclaim "aris[es] out of the transaction or occurrence that is the subject matter of the opposing party's claim."  *Id.*  The Second Circuit has "long considered this standard met when there is a logical relationship between the counterclaim and the main claim."  *Jones*, 358 F.3d at 209.  "Although the logical relationship test does not require an absolute identity of factual backgrounds,...the essential facts of the claims [must be] so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit."  *Id.* (internal quotation marks and citation omitted).

12

Here, the original complaint involves primarily federal questions of unfair competition and various business torts relating to the marketing of two competing product lines.  Haines' counterclaims involve issues relating to the ownership and control of Delaware SiCap and the merger of Delaware SiCap and PP&S into New York SiCap.

Haines maintains that the court's resolution of his claims could ultimately deem New York SiCap's unfair competition and business tort claims moot.  The court finds this argument unpersuasive.  While it is remotely possible that the court's resolution of Haines' counterclaims could affect New York SiCap, such a possibility is, at this juncture, highly speculative.

Moreover, in its review of Haines' counterclaims, the court has considered whether the "essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Rubin v. Valicenti Advisory Servs.*, 236 F.R.D. 149, 153 (W.D.N.Y. 2006) (internal quotation marks and citation omitted).  An evaluation of the merits of Haines' counterclaims will not involve any of  the same evidence that will support or refute plaintiff SiCap's claims.  *See Hercules,* 71 F.R.D. at 101.  In other

13

words, it cannot be said that "issues of fact or law raised by the [original] claim and counterclaim [are] largely the same[.]" *Id*. at 108.

Because the allegations contained in Haines' counterclaims do not arise out of the same transaction or occurrence that support plaintiff SiCap's complaint, the court treats Haines' counterclaims as permissive. As stated, permissive counterclaims require an independent basis for jurisdiction. *See* FED. R. CIV. P. 13; 28 U.S.C. § 1367(b).

Here, all of Haines' assertions involve questions of state law. As such, he cannot sustain his counterclaims in federal court based on federal question jurisdiction. The only other viable jurisdictional basis is diversity of citizenship. As is clearly stated in Haines' answer and counterclaims, he, along with each counter-defendant, is a citizen of the State of New York. *See Dkt. No. 43.* As such, there is no diversity of citizenship between the parties, and therefore, the court cannot base its subject matter jurisdiction on diversity of citizenship. Accordingly, Haines' permissive counterclaims fail to allege an independent basis for federal court jurisdiction and are dismissed in their entirety.[5]

---

[5]Alternatively, counter-defendants argue that Haines' counterclaims cannot survive because they are not brought against an "opposing party" as is required by Federal Rule of Civil Procedure 13. In addition, counter-defendants maintain that Haines' counterclaims fail to join all necessary parties and thus cannot proceed. Since the court finds that it lacks subject

**WHEREFORE**, for the foregoing reasons, it is hereby

     **ORDERED** that counter-defendants' motion to dismiss (*Dkt. No. 49*)

is **GRANTED**; and it is further

     **ORDERED** that Haines' counterclaims (*Dkt. No. 43*) are **DISMISSED**

**IN THEIR ENTIRETY**; and it is further

     **ORDERED** that the Clerk provide a copy of this Decision and Order

to the parties.

**IT IS SO ORDERED.**

May 23, 2007
Albany, New York

Gary L. Sharpe
U.S. District Judge

---

matter jurisdiction over Haines' counterclaims, it is unnecessary to consider the merits of counter-defendants' alternative arguments.